# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOBBY DAVENPORT, III,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RABBI KORIK, et al.,<br><br>　　　　Defendants. | Case No.  2:14-cv-00325-TLN-DB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL AND SETTING HEARING ON DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT FOR OCTOBER 19, 2016<br><br>(ECF No. 52) |

Plaintiff James Bobby Davenport, III is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The parties appeared for a settlement conference on August 11, 2016, before the undersigned at which the parties reached a settlement agreement. (ECF No. 43.) On August 19, 2016, an informal conference call was held at which defense counsel informed the Court that Plaintiff was unwilling to sign the dispositive documents. The Court advised the parties that if Plaintiff was unwilling to sign the dispositive documents and Defendant wishes to have the agreement enforced; Defendant should file a motion to enforce the settlement agreement. (ECF No. 45.) On August 22, 2016, Plaintiff filed a notice of denial of settlement offer. (ECF No. 49.) On August 30, 2016, Defendant filed a motion to enforce the settlement agreement. (ECF No. 51.) On September 1, 2016, Plaintiff filed a motion to recuse the undersigned and a motion to redact the notice of denial of settlement

1

1  offer. (ECF Nos. 52, 53.)

2      A judge is required to recuse himself in any proceeding in which his impartiality might
3  reasonably be questioned. 28 U.S.C. § 455(a). Under section 455(a), a judge must recuse
4  himself if a reasonable person with knowledge of all the facts would conclude that his
5  impartiality might reasonably be questioned. Perry v. Schwarzenegger, 630 F.3d 909, 911 (9th
6  Cir. 2011). Actual bias is not required; "the appearance of impropriety can be a sufficient basis
7  for judicial recusal." Blixseth v. Yellowstone Mountain Club, LLC, 742 F.3d 1215, 1219 (9th
8  Cir. 2014). A judge "must not simply recuse out of an abundance of caution when the facts do
9  not warrant recusal. Rather, there is an equally compelling obligation not to recuse where
10 recusal in not appropriate." United States v. Sierra Pac. Indus., 759 F.Supp.2d 1198, 1200-01
11 (E.D. Cal. 2010). The appearance of impropriety is gauged by how the conduct would be viewed
12 by a reasonable person, not someone who is "hypersensitive or unduly suspicious." Blixseth,
13 742 F.3d at 1219 (citations omitted). The challenged judge is to rule on the legal sufficiency of
14 the recusal motion in the first instance. United States v. Studley, 783 F.2d 934, 940 (9th Cir.
15 1986).

16     The question under section 455 is whether a reasonable person would perceive a
17 significant risk that the judge will resolve on the case on some basis other than the merits.
18 United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008). Section 455 "is limited by the
19 'extrajudicial source' factor which generally requires as the basis for recusal something other
20 than rulings, opinions formed or statements made by the judge during the course of trial." Id. at
21 913-14 (quoting Liteky v. United States, 510 U.S. 540, 554–56 (1994)).

22     The Court finds no grounds upon which recusal in this action would be required.
23 Plaintiff alleges that during settlement negotiations the Court made statements which show a bias
24 toward the defendant in this action. However, judicial remarks made during proceedings require
25 recusal only where "they reveal such a high degree of favoritism or antagonism as to make fair
26 judgment impossible." Blixseth, 742 F.3d at 1221. Here, in acting as the settlement judge,
27 Plaintiff was told to consider how he will present his case and how the witnesses and evidence
28 will be perceived by the jury. Such statements would not cause a reasonable person to question

the undersigned's impartiality.  Further, the Court does not provide legal advice to either party in this action.  During the informal conference, Plaintiff indicated that he was not sure he wished to go forward with the settlement agreement and the parties were advised that should Defendant wish to enforce the agreement a motion would be required.  The Court finds that the statements made during the settlement conference and informal teleconference do not "reveal such a high degree of favoritism or antagonism" as to cause a reasonable person to question the impartiality of the undersigned.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for recusal filed August 1, 2016, is DENIED;
2. Plaintiff shall file an opposition to the motion to enforce the settlement agreement on or before October 5, 2016;
3. Defendant's reply, if any, shall be filed on or before October 12, 2016;
4. A hearing on Defendants' motion to enforce the settlement agreement shall be held on October 19, 2016 at 10:00 a.m.; and
5. Defendants shall arrange for Plaintiff to appear telephonically for the October 19, 2016 hearing.

IT IS SO ORDERED.

Dated:   **September 12, 2016**

UNITED STATES MAGISTRATE JUDGE