# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOBBY DAVENPORT, III,<br><br>   Plaintiff,<br><br>   v.<br><br>RABBI KORIK, et al.,<br><br>   Defendants. | Case No.  2:14-cv-00325-TLN-DB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANT'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT<br><br>(ECF Nos. 49, 51, 53, 56)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.**

**RELEVANT BACKGROUND**

On January 31, 2014, Plaintiff James Bobby Davenport, III, appearing pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On March 23, 2015, an order issued finding that Plaintiff had stated a claim against Defendant Korik for violations of the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq. ("RLUIPA"). (ECF No. 7.)

On June 19, 2015, Plaintiff filed a first amended complaint. (ECF No. 14.) The complaint was screened and found to only state claims against Defendant Korik. (ECF Nos. 19, 24.) Plaintiff filed a motion to compel Defendants to file a response to the first amended

complaint on May 2, 2016.  (ECF No. 26.)  On May 9, 2016, Plaintiff filed a motion for a settlement conference.  (ECF No. 28.)  On June 6, 2016, Plaintiff filed a motion for summary judgment. (ECF No. 30.)  On June 7, 2016, Defendant filed a motion to dismiss.  (ECF No. 29.)  On June 27, 2016, this action was set for a settlement conference before the undersigned.  (ECF No. 32.)

On August 11, 2016, the undersigned conducted a settlement conference with the parties to this action at which the parties reached a settlement agreement. (ECF No. 43.)  On August 17, 2016, an informal telephonic conference call was set for August 19, 2016, to discuss the settlement documents.  (ECF No. 44.)  During the August 19, 2016 telephonic conference, defense counsel informed the Court that Plaintiff was unwilling to sign the settlement documents.  (ECF No. 45.)  The Court advised the parties that if they were unable to resolve the issue a motion to enforce the settlement agreement would need to be filed.  (Id.)

On August 22, 2106, Plaintiff filed a notice of denial of settlement offer and request for rulings.  (ECF Nos. 48, 49.)  On August 30, 2016, Defendant filed a motion to enforce the settlement agreement.  (ECF No. 51.)  On September 1, 2016, Plaintiff filed a motion to recuse the undersigned and a motion to redact the settlement offer. (ECF Nos. 52, 53.)  On September 13, 2016, the Court denied Plaintiff's request for recusal.  (ECF No. 55.)  On October 11, 2016, Plaintiff filed an opposition.  (ECF No. 56.)

## II.

## LEGAL STANDARD

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it."  Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987); accord Doi v. Halekulani Corp., 276 F.3d 1131, 1141 (9th Cir. 2002).  This power only extends to the enforcement of complete settlement agreements.  Callie, 829 F.2d at 890.  Under federal law, there are two requirements for an oral agreement to be enforceable.  First, the agreement must be complete.  Maynard v. City of San Jose, 37 F.3d 1396, 1401 (9th Cir. 1994), as amended (Nov. 22, 1994).  Second, the parties must have agreed to be bound by the terms of the settlement, or have authorized their attorneys to settle the suit.  Harrop v. W. Airlines, Inc., 550

1  F.2d 1143, 1144 (9th Cir. 1977).

2  In addition, "[t]he construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." O'Neil v. Bunge Corp., 365 F.3d 820, 822 (9th Cir. 2004) (citations omitted).  Therefore, California law regarding the formation and interpretation of contracts is applied to determine whether a legally enforceable settlement agreement was reached.  United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992).  "Under California law, settlement agreements are governed by general principles of contract law."  Adams v. Johns-Manville Corp., 876 F.2d 702, 704 (9th Cir. 1989).

The essential elements of a contract under California law are: "parties capable of contracting; the parties' consent; a lawful object; and sufficient cause or consideration."  Lopez v. Charles Schwab & Co., 118 Cal.App.4th 1224, 1230 (2004).  "An essential element of any contract is the consent of the parties, or mutual assent."  Lopez, 118 Cal.App.4th at 1230 (quoting Cal. Civ.Code, §§ 1550(2), 1565(2)).  Mutual assent is usually manifested by an offer that is communicated to the offeree and an acceptance that is communicated to the offeror." Lopez, 118 Cal.App.4th at 1230.

### III.
### DISCUSSION

On August 22, 2016, Plaintiff filed a notice of denial of settlement offer/new terms. (ECF No. 49.)  Plaintiff stated that he was declining Defendant's settlement offer under the terms that were laid out in the settlement agreement and would only accept the offer if it is labeled as punitive damages which he believes would not require it to be applied to his restitution, fines, fees, or taxes.  (Id.)

On September 1, 2016, Plaintiff filed a motion to withdraw his prior notice and an amended notice of denial of settlement offer/new terms.  (ECF No. 53.)  In the amended notice, Plaintiff contends that Defendant's informed him that the case law he cites for the proposition that he is not required to have the settlement amount applied to his restitution, fines, fees, or taxes does not matter.  (Id. at 2.)  Plaintiff argued that he was "strong-armed" into taking an

1 agreement that was pre-written and pre-decided by Defendant without even consulting him. (Id.)
2 Plaintiff argues that the agreement was entered into without him fully understanding what he was
3 signing. (Id. at 3.) Plaintiff again offered to accept the agreement if the settlement was classified
4 as nominal damages and sent to a third party without being subjected to restitution, taxes, fines
5 or fees. (Id. at 4.)

6       Defendant contends that Plaintiff cannot "deny" the settlement offer because he has
7 already consented to it and is bound by the terms of the August 11, 2016 settlement agreement.
8 Defendant argues that Plaintiff was aware of and understood that the California Department of
9 Corrections ("CDCR") is statutorily obligated to deduct any restitution amounts from the
10 settlement amount when he agreed to settle and dismiss this action. Defendant seeks an order
11 enforcing the terms of the settlement agreement and dismissing this action and all claims with
12 prejudice.

13       In his opposition to the motion to enforce the settlement agreement, Plaintiff contends
14 that only one party, the defendant, was aware of the full terms and conditions of the settlement
15 agreement. (ECF No. 56 at 2.) Plaintiff argues that California Penal Code section 2085.5 is
16 ambiguous as to whether his restitution payment has to be deducted from the settlement funds.
17 (Id. at 3.) Plaintiff alleges that he expressed his reservations regarding having the settlement
18 funds go to pay his restitution many times during settlement negotiations and he was made to
19 feel by the undersigned as if he had no other option than the agree to the condition. (Id. at 4.)
20 Finally, Plaintiff argues that pursuant to section 2085.5 only 50 percent of the settlement funds
21 can be deducted from funds that an inmate receives. (Id. at 6.) Plaintiff also includes an
22 objection to undersigned's order denying his motion for recusal. (Id.)

23     **A.**    **Jurisdiction to Enforce the Settlement Agreement**

24       The first question before the Court is whether jurisdiction exists to enforce the settlement
25 agreement. Federal courts do not have inherent power to enforce settlement agreements entered
26 into by the parties. K.C. ex rel. Erica C. v. Torlakson, 762 F.3d 963, 967 (9th Cir. 2014).
27 Generally, when a district court dismisses an action with prejudice, federal jurisdiction ends and
28 a dispute arising under the settlement agreement is a separate contract dispute that requires its

1  own independent basis for jurisdiction. Kelly v. Wengler, 822 F.3d 1085, 1094 (9th Cir. 2016).
2  However, courts do have the authority to enforce a settlement agreement while the litigation is
3  still pending or when the settlement agreement is referenced in the dismissal order or the court
4  has retained jurisdiction to enforce the agreement. In re City Equities Anaheim, Ltd., 22 F.3d
5  954, 957 (9th Cir. 1994); Kelly, 822 F.3d at 1085.

6        The Ninth Circuit considered a case similar to this in Doi.  In Doi the parties had
7  settlement discussions with the district court that resulted in settlement and the terms of the
8  settlement were placed on the record. Doi, 276 F.3d at 1134.  The parties were to execute the
9  settlement agreement and file a stipulation to dismiss the action. Id. at 1135.  The defendant did
10 not sign the settlement agreement, but wanted to propose new terms. Id.  A motion to enforce
11 the settlement agreement was filed and granted by the court along with sanctions. Id. at 1136.
12 The action was dismissed with prejudice and the defendant appealed. Id.  The appellate court
13 held that the district court did not abuse its discretion by enforcing the written settlement
14 agreement because the terms and existence of the agreement were on the record and thus clear,
15 and because the written agreement accurately reflected the terms of the agreement on the record.
16 Id. at 1139-40.

17       Here, as in Doi the terms and existence of the settlement agreement between the parties
18 are in the record and are therefore clear.  The Court specifically retained jurisdiction to enforce
19 the settlement agreement until the settlement funds are distributed. (Order Following Settlement;
20 Vacating Dates and Directing Parties to File Dispositive Documents Within Seven Days, ECF
21 No. 42.)  Therefore, the Court concludes that it has authority to enforce the settlement agreement
22 in this action.

23       **B.    Enforcement of the Settlement Agreement**

24       Having established that the Court has the authority to enforce the settlement agreement,
25 the Court next considers whether it should exercise the authority to enforce the settlement
26 agreement or whether circumstances exist to make enforcement of the settlement agreement
27 improper.
28 / / /

1.     <u>The parties entered into a binding settlement agreement</u>

First, based upon the Court's involvement in the settlement conference, the transcript of the hearing and the parties' briefing, the Court concludes that the parties knowingly and voluntarily entered into a complete agreement and intended to be bound by the terms of the agreement.

After meeting with the parties and being informed that they had agreed to settle the action, the parties placed their agreement on the record as follows.

> THE COURT: All right. We have been in a settlement conference this morning. It is my understanding that the parties have agreed to settlement terms, is that correct?
> MS. BURNLEY: Correct.
> MR. DAVENPORT: Yes.
> THE COURT: Correct, Mr. Davenport?
> MR. DAVENPORT: Correct.
> THE COURT: All right. Ms. Burnley, if you would set forth the terms?
> MS. BURNLEY: Sure.
> THE COURT: And then, Mr. Davenport, after Ms. Burnley is done setting forth the terms, I'll ask you if those in fact are the terms of the agreement.
> . . .
> MS. BURNLEY: Plaintiff will sign a voluntary dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and defendants will file that immediately.
> CDCR will pay plaintiff $5,000; however, plaintiff understands that CDCR is obligated by CPC Section 2085.5 to collect any amounts owed by a prisoner under restitution, fine or order, including any administrative fees related to such amounts. Such amounts and fees will be deducted from the settlement amount and paid on plaintiff's behalf as required by Penal Code Section 2085.5.
> If the settlement amount exceeds the restitution amount and fees, the excess balance shall be made by check to plaintiff's inmate trust account, or to another payee if designated by plaintiff.
> Plaintiff further understands that CDCR is obligated to pay all outstanding liens against plaintiff known or unknown, if any, which amounts must be deducted from settlement amount and paid on behalf -- on plaintiff's behalf to the lienholders.
> Plaintiff will complete a payee data form to enable payment and credit toward his restitution obligations. If plaintiff requests that the payment be made to another person or entity, then that person or entity must also complete a payee data form. Plaintiff will return the payee data form to defendants' counsel as soon as reasonably possible. And as requested by plaintiff, CDCR will make the check payable to whoever plaintiff requests.
> CDCR will make a good faith effort to pay the settlement amount minus any restitution amounts, liens and fees within 180 days from the date plaintiff delivers to defendants a signed settlement agreement, notice of voluntary dismissal with prejudice and all of the required payee data forms.
> Plaintiff understands that the payment may be delayed by a lack of the state budget, a funding shortfall despite a state budget, the processing efforts of the state controller's office and other events not attributable to the defendant or CDCR.

>   Unless stated otherwise, no interest shall be paid on the settlement amount. No other monetary sums shall be paid to plaintiff. Each party will bear its own costs and attorney's fees, and there are no other actions required on the part of CDCR or defendants.
>   It's also the intention of all the parties signing the agreement that it is effective as a full and final accord in satisfaction and release for all claims asserted in the complaint.
>   By signing this agreement plaintiff releases CDCR defendants whether named or unnamed, whether served or unserved and any other past or current CDCR employees from all claims past, present and future, known or unknown that arise, or could arise from the facts alleged in the complaint.
>   In furtherance of this intention the parties acknowledge that they are familiar with and expressly waive the provisions of the California Civil Code Section 1542 which states:
>   A general release does not extend to claims which the creditor does not know or suspect exists in his or her favor at the time of the -- executing release which is known by him or her must have materially affected his or her settlement with the debtor.
>   This agreement is the compromise of various disputed claims and shall not be treated as an admission of liability by any of the parties for any purpose. The signature of, or on behalf of the respective parties does not indicate or acknowledge the validity or merits of any claim or demand of the other party.
> THE COURT: All right. I think you've set forth -- those are the general terms, correct?
> MS. BURNLEY: Correct.
> THE COURT: All right. Mr. Davenport, do you agree to those terms as set forth?
> MR. DAVENPORT: Yes.
> THE COURT: All right. So this matter is settled. The Court will retain any settlement issue jurisdiction for the purpose of -- but once the check is cut and distributed, then the Court's jurisdiction then expires at that point in time.

(Transcript of Hearing re: Settlement Conference 1:13-5:10, ECF No. 50.)

During the hearing, the Court requested the parties place the terms of the settlement agreement on the record. After Defendant stated the material terms of the agreement, Plaintiff indicated that he agreed with the terms as set forth. Defendant and Plaintiff's oral agreement with the terms of the settlement stated on the record created a binding agreement. Doi, 276 F.3d at 1138 ("An agreement announced on the record becomes binding even if a party has a change of heart after [she] agreed to its terms but before the terms are reduced to writing.) (quoting In re Christie, 173 B.R. 890, 891 (Bankr.E.D.Tex.1994)).

3.   <u>The record demonstrates Plaintiff was fully aware of the term of the agreement</u>

In this instance, Plaintiff has refused to sign the settlement agreement because he asserts that his participation in the agreement was not knowing and voluntary because he disagrees that California Penal Code Section 2085.5 obligates the CDCR to collect any amounts owed by a

7

prisoner under restitution, fine or order, including any administrative fees related to such amounts from the settlement amount. Plaintiff states that he will only agree to sign the settlement agreement if the funds are recharacterized in a manner that allows them to be delivered directly to a third party without any amount being applied to any obligations as required by section 2085.5. However, Plaintiff agreed to the settlement with the understanding that CDCR was to deduct any amounts owed by Plaintiff under restitution, fine or order, including any administrative fees related to such amounts as required by Penal Code Section 2085.5, and that Plaintiff would receive any funds that exceed the amount due for restitution and fees. Plaintiff's opposition fails to set forth a valid ground to find that the settlement agreement should not be enforced.

Plaintiff argues that the settlement agreement was carefully laid out to deceive him making it a falsified document. Plaintiff contends that section 2085.5 is ambiguous and does not require that his restitution be deducted from the settlement funds. However, the agreement set forth on the record clearly informed Plaintiff that any restitution, fine or order, including any administrative fees related to such amounts, would be deducted from the settlement amount and Plaintiff would only receive money in his inmate account if any of the settlement remained after these amounts were deducted. The Court finds that the record demonstrates that Plaintiff clearly understood this was a term of the agreement as, at the conclusion of the hearing, the Court inquired if he had anything further and Plaintiff specifically addressed this term.

> THE COURT: Mr. Davenport, anything further?
> MR. DAVENPORT: So the check will go to my books and they'll take the restitution out from there?
> THE COURT: It will go -- I don't think we use the word "books". It will go -- if you have restitution, it will go to restitution. They will provide you with documentation that says where it goes, right?
> MS. BURNLEY: Correct. They should provide it, and I'm sure you can request it if not.

(Transcript of Hearing re: Settlement Conference 3:13-23.) The Court finds that Plaintiff knowingly and voluntarily entered into the settlement agreement.

    4.    <u>Plaintiff has failed to show coercion to invalidate the agreement</u>

Plaintiff alleges that he expressed his reservations regarding having the settlement funds

go to pay his restitution many times during settlement negotiations and he was made to feel by the undersigned as if he had no other option than the agree to the condition. The Court construes this as a claim that the Court exercised undue influence during the settlement negotiations in this matter.

Under California law, a party can rescind a contract if his consent "was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party." Cal. Civ. Code § 1689. Even if Plaintiff was unduly influenced by the Court's negotiation between the parties, the undersigned is neither a party to the settlement nor jointly interested with any party to the settlement. The Court participated in the settlement conference as a neutral mediator between the parties in this action. The parties agreed to participate in settlement discussions and after approximately an hour and one half of negotiations reached an agreement. Plaintiff cannot rescind the agreement based upon the participation of a neutral mediator to the proceedings. See Holt v. MacArthur, No. 11CV1502-GPC-KSC, 2014 WL 940327, at *4 (S.D. Cal. Mar. 10, 2014).

Additionally, Plaintiff complains that Defendants came to the settlement conference with a pre-drafted settlement agreement and misled him as to the requirements of section 2085.5. As relevant here, section 2085.5 provides that

> Compensatory[1] or punitive damages awarded by trial or settlement to any inmate . . . in connection with a civil action brought against a federal, state, or local jail, prison, or correctional facility, or any official or agent thereof, shall be paid directly, after payment of reasonable attorney's fees and litigation costs approved by the court, to satisfy any outstanding restitution orders or restitution fines against that person. The balance of the award shall be forwarded to the payee after full payment of all outstanding restitution orders and restitution fines. . . .

Cal. Penal Code § 2085.5(n). Plaintiff cites out of circuit case law to support his argument that he is not required to have restitution withheld from the settlement in this action.[2]

---

[1] Plaintiff is incorrect that compensatory damages cannot be awarded under the Prison Litigation Reform Act.

[2] Plaintiff relies on Fegans v. Norris, 537 F.3d 897 (8th Cir. 2008) and Dodd v. Robinson, No. 03-F-571-N (M.D. Ala. March 26, 2004), however neither of these cases address restitution under California Penal Code section 2085.5. Fegans addressed the reasonableness of an award for nominal damages awarded at trial, Fegans, 537 F.3d at 908; and Dodd addressed restitution under Alabama's P.L. 104-134 Section 807, Dodd, at *1. Therefore, these cases do not support Plaintiff's position that he is not required to pay restitution out of the settlement amount.

Defendant's offer of a settlement agreement in compliance with section 2085.5 was not misleading. Further, Defendant has nothing to gain by complying with section 2085.5's requirements. Defendant pays the same amount in settlement of this action regardless of whether it is paid directly to Plaintiff or to pay off his restitution. Accordingly, Plaintiff has not shown any reason to invalidate the settlement agreement entered into by the parties.

     5.     <u>The Settlement Agreement should be enforced</u>

The Court therefore considers whether the written terms of the agreement are in accord with the terms agreed to on the record. <u>Doi</u>, 276 F.3d at 1140.

The written agreement states"

> Plaintiff understands that CDCR is obligated by California Penal Code section 2085.5 to collect any amounts owed by a prisoner under a restitution fine or order, including any administrative fees related to such amounts. Such amounts and fees will be deducted from the settlement amount and paid on Plaintiff's behalf as required by Penal Code section 2085.5. If the settlement amount exceeds the restitution amounts and fees, the excess balance shall be made by check to Plaintiff's inmate trust account or to another payee if designated by Plaintiff.

(Settlement Agreement and Release III.2, ECF No. 51-1 at 17.) The language in the settlement agreement mirrors the language set forth on the record stating the agreed upon term. The terms of the written settlement agreement are in accord with the agreement stated on the record; and therefore should be enforced.

    **C.**    **Section 2085.5(a)**

Plaintiff argues that pursuant to section 2085.5(a), CDCR can only take a maximum of 50 percent of his inmate account; and therefore, he should only be required to have 50 percent of the settlement funds go to restitution. However, the settlement in this action is governed by section 2085.5(n), not subsection a.

Subsection (a) of California Penal Code section 2085.5 addresses the manner in which CDCR shall make deductions from prisoner accounts. The California legislature addressed the manner in which an inmate received damages awarded at trial or settlement from a civil action filed challenging his conditions of confinement in subsection (n). Courts find that under California law any settlement proceeds to an inmate in these circumstances must go to pay restitution, fine or order, including any administrative fees related to such amounts. <u>See</u> <u>Holt</u>,

2014 WL 940327, at *5 ("California Penal Code section 2085.5 mandates that any settlement awarded to an inmate in connection with a civil action brought against a state prison's agents be paid to CDCR to satisfy any outstanding restitution fines against the inmate."); Thames v. Musgrave, No. 08-CV-1483-JMA, 2011 WL 1043696, at *2 (S.D. Cal. Mar. 22, 2011) ("Defendants acted appropriately, and within their legal obligation and authority pursuant to California Penal Code section 2085.5, when they arranged for a portion of Plaintiff's settlement funds to be used to satisfy Plaintiff's outstanding restitution fine and to pay the requisite administrative fee."); Howard v. Clark, No. 1:10-CV-01783 DLB, 2015 WL 5232121, at *6 (E.D. Cal. Sept. 8, 2015) ("pursuant to California Penal Code section 2085.5(n), settlement funds are applied directly to a restitution obligation, rather than deposited first into the inmate's trust account").

Plaintiff's settlement in this action is subject to the requirements of Penal Code section 2085.5(n) and the settlement must be used to satisfy any outstanding restitution orders or restitution fines against Plaintiff prior to any amount being deposited into his inmate account.

**D.     Objection to Order Denying Motion for Recusal**

Plaintiff also objects to the order denying Plaintiff's motion for recusal of the undersigned. The Court shall construe this objection as a motion for reconsideration.

Federal Rule of Civil Procedure 60(b) states, in pertinent part:

> (b)   Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1)   mistake, inadvertence, surprise, or excusable neglect;
> ...
> (6)   any other reason that justifies relief.

A motion for reconsideration is not the proper mechanism to raise arguments that could reasonably have been presented earlier in litigation. Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003); O'Neal v. SmithKline Beecham Corp., No. CIV S-06-1063 FCD/DAD, 2008 WL 1721891, at *2 (E.D. Cal. Apr. 10, 2008) ("party may not use a motion for reconsideration to present new arguments or claims not raised in the summary judgment motion"); Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1154 (D. Hawai'i 2003).

Requests for reconsideration are also governed by Local Rule 230(j). Local Rule 230(j) states:

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:
> (1)   when and to what Judge or Magistrate Judge the prior motion was made;
> (2)   what ruling, decision, or order was made thereon;
> (3)   what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
> (4)   why the facts or circumstances were not shown at the time of the prior motion.

The Court finds that Plaintiff has failed to demonstrate any grounds warranting reconsideration. Plaintiff's objection raises the same issues previously considered by this Court in denying his motion for recusal. Accordingly, Plaintiff's motion for reconsideration should be denied.

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for enforcement of the settlement agreement be GRANTED;

2. Plaintiff's request for reconsideration of the order denying his motion for recusal should be DENIED; and

3. This action should be dismissed with prejudice.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014)

(citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 13, 2016**

UNITED STATES MAGISTRATE JUDGE